IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAMON LAMOUNTE MOORE II,

    Plaintiff,

v.      No. 1:24-cv-00878-KRS

NEW MEXICO BOARD OF BAR EXAMINERS and
CHRISTINE LONG,

    Defendants.

## ORDER TO CURE DEFICIENCY AND TO FILE AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case, Doc. 1, filed September 3, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District court Without Prepaying Fees or Costs (Long Form), Doc. 3, filed September 3, 2024 ("Application").

**Order to Cure Deficiency**

Plaintiff did not sign the Affidavit on page 1 of his Application to Proceed in District Court Without Prepaying Fees or Costs. The Court must strike the Application if Plaintiff does not promptly sign the Application.

> Every pleading, written motion, and other paper must be signed by at least one attorney of record ... or by a party personally if the party is unrepresented ... The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). The Court orders Plaintiff to sign the Application within 21 days of entry of this Order.

**Order to File Amended Complaint**

Plaintiff alleges that Defendant New Mexico Board of Bar Examiners ("Board"):

> Violated Section 504 of the Rehabilitation Act, Due Process Clause under the Fourteenth Amendment of the Constitution, Equal Protection Clause under the Fourteenth Amendment, Title II of the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964 by discrimination against plaintiff in denying his application to the New Mexico Bar foll[o]wing a character and fitness hearing on April 12, 2024, and a final 'Findings of Facts and Conclusion of Law' on June 25, 2024. Plaintiff['s] claims are based on a disability suffered from the military, denial to call remote witnesses after late notice of fees necessary to be paid by plaintiff to conduct hearing, a job offer from the Law Offices of the New Mexico Public Defenders, false claims of criminal convictions, a findings and conclusions of law that is unfairly prejudic[i]al towards plaintiff's character by not equally considering plaintiff's facts that highlights his "good moral character" as a bar applicant for New Mexico, by the Board's Special Counsel Christine Long withholding exculpatory evidence she has gathered on behalf of the plaintiff and not disclosing to the bar her knowledge of facts known to be true by the plaintiff but instead alleged the plaintiff had no[] proof of his statements, by false representation of a crime alleged by the Board's Special counsel to paint the plaintiff in a negative light in front of the Board, and by statements made by Special Counsel that suspension of my bar license will be sought if admitted into New Mexico Bar, and by false statements that Plaintiff's character does not equate to a previous attorney who was allowed to still practice the law under felony probation with crimes of violence and fraud.
>
> Furthermore, that New Mexico Board of Bar Exam Center, the defendant: (i) performed acts that a person of prudence in the same or similar circumstances would not have do[ne]; and (2) failed to perform acts that a person [of] ordi[]nary prudence would have done under the same or similar circumstances because of the previously mentioned reasons above and that when it was discovered that I had a character and fitness hearing for Oklahoma.

Complaint at 5.

In general, the Complaint fails to state claims upon which relief can be granted because it contains conclusory allegations and does not allege underlying facts thereby failing to give Defendants fair notice of the grounds upon which Plaintiff's claims rest. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement . . . we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests").

The Complaint fails to state a due process claim. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"). Plaintiff alleges Defendant Board denied his application to the New Mexico Bar following a character and fitness hearing but does not otherwise allege facts showing that Plaintiff was not afforded an appropriate level of process.

The Complaint fails to state an equal protection claim. Plaintiff alleges that Defendant Long, the Board's Special Counsel, made statements that Plaintiff's character "does not equate to a previous attorney who was allowed to still practice the law under felony probation with crimes of violence and fraud." Plaintiff does not, however, allege facts describing Defendant Long's statements, why those statements are false, or the circumstances regarding the "previous attorney" who was allowed to practice law. Consequently, Plaintiff has not alleged that Defendant Long, or Defendant Board, intentionally treated Plaintiff differently from others similarly situated and that there is no rational basis for the difference in treatment. *See A.N. by and through Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019) ("A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection") (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

The Complaint fails to state claims pursuant to the Rehabilitation Act and the Americans with Disabilities Act ("ADA").

> "To establish a prima facie claim under § 504 [of the Rehabilitation Act], a plaintiff must demonstrate that (1) plaintiff is handicapped under the Act; (2) [he] is otherwise qualified to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against plaintiff based upon a disability."

*Havens v. Colo. Dept. of Corrections*, 897 F.3d 1250, 1262 (10th Cir. 2018) (quotation marks and citations omitted).

> To state a claim under Title II [of the ADA], the plaintiff must allege that (1) [s]he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability.

*Cohon ex rel. Bass v. New Mexico Dept. of Health*, 646 F.3d 717, 625 (10th Cir. 2011). (quotation marks omitted). The Complaint contains the conclusory allegation that denial of Plaintiff's application to the New Mexico Bar was based on Plaintiff's disability but does not contain factual allegations showing that Plaintiff is a qualified individual with a disability or that denial of Plaintiff's application to the New Mexico Bar was based on Plaintiff's disability.

The Complaint fails to state a claim pursuant to Title VII of the Civil Rights Act of 1964 which prohibits employers, employment agencies and labor organizations from discriminating against individuals because of the individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2; *see also*, *Ford v. Jackson National Life Ins. Co.*, 45 F.4th 1202, (10th Cir. 2022) ("For a claim of race or sex discrimination, a prima facie case requires evidence that: (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination"). There are no allegations in the Complaint showing that Defendants were

4

Plaintiff's employer, an employment agency or a labor organization, that Plaintiff belongs to a protected class, or that Plaintiff suffered an adverse employment action under circumstances giving rise to an inference of discrimination.

The Court orders Plaintiff to file an amended complaint within 21 days of entry of this Order.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.  Failure to timely file an amended complaint may result in dismissal of this case.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating

5

it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, sign the Application to Proceed in District Court Without Prepaying Fees or Costs.  Failure to timely sign the Application may result in the Court striking Plaintiff's Application.

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**