IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAMON LAMOUNTE MOORE II,

    Plaintiff,

v.   No. 1:24-cv-00878-KRS

NEW MEXICO BOARD OF BAR EXAMINERS and
CHRISTINE LONG,

    Defendants.

## ORDER TO CURE DEFICIENCY AND
## GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Second Amended Complaint, Doc. 8, filed September 26, 2024, and Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 7, filed September 23, 2024.

**Order to Cure Deficiency**

Plaintiff did not sign his Second Amended Complaint. The Court must strike the Second Amended Complaint if Plaintiff does not promptly sign the Second Amended Complaint.

> Every pleading, written motion, and other paper must be signed by at least one attorney of record ... or by a party personally if the party is unrepresented ... The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). The Court orders Plaintiff to sign the Second Amended Complaint within 21 days of entry of this Order.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $5,400.00; (ii) Plaintiff's monthly expenses total about $3,975.00; (iii) Plaintiff has no cash and $250.00 in a bank account; and (iv) Plaintiff has two minor children who rely on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings, he has no cash and $250.00 in a bank account, and his two minor children rely on him for support. The statute governing proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), allows the Court to authorize the commencement of an action without *pre*payment of fees, but does not waive the fees. Plaintiff is obligated to pay to pay the fees.

**IT IS ORDERED** that:

(i)  Plaintiff shall, within 21 days of entry of this Order, sign the Second Amended Complaint.  Failure to timely sign the Second Amended Complaint may result in the Court striking the Second Amended Complaint.

(ii) Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 7, filed September 23, 2024, is **GRANTED.**

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE