IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAMON LAMOUNTE MOORE II,

     **Plaintiff,**

v.                                   **No. 1:24-CV-00878-KRS**

NEW MEXICO BOARD OF BAR
EXAMINERS and CHRISTINE
LONG, ESQ.,

     **Defendants.**

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COME NOW Defendants New Mexico Board of Bar Examiners and Christine Long, Esq., by and through their attorneys, Walz and Associates, P.C., Jerry A. (Walz and Alisha L. Walz), hereby submit Defendant's Motion to Dismiss all claims pursuant to Fed.R.Civ.P. 12(b)(6). As grounds for this motion, Defendants state that Plaintiff has failed to state a claim upon which relief may be granted. Counsel was unable to ascertain Plaintiff's position on the requested relief.

### I.    INTRODUCTION

Plaintiff filed his original complaint on September 3, 2024, [Doc. 1]. The Court entered an Order on September 5, 2024, which required Plaintiff to file an Amended Complaint to Cure Deficiency [Doc. 5]. On September 23, 2024, Plaintiff filed his First Amended Complaint [Doc. 6]. On September 26, 2024, Plaintiff filed his Second Amended Complaint [Doc. 8]. The Court issued an Order on October 4, 2024, for Plaintiff to Cure Defects in the Second Amended Complaint [Doc. 9]. Plaintiff filed his Third Amended Complaint on October 10, 2024, [Doc. 10], which is the operative complaint.

Plaintiff's Third Amended Complaint ("Complaint"), asserts the following causes of action:

> Count I:  Due Process under the Fourteenth Amendment of the United States Constitution;
> Count II:  Equal Protection Clause under the Fourteenth Amendment of the United States Constitution;
> Count III:  Americans with Disabilities Act as incorporated by Title VII of the Civil Rights Act;
> Count IV:  Title II of the American (sic) with Disabilities Act, 42 U.S.C. § 12132;
> Count V:  Section 504 of the Rehabilitation Act of 1973;
> Count VI:  Title VII of the Civil Rights Act;
> Count VII:  Tortious Interference with Contractual Relations under the New Mexico Tort Claims Act.

Pursuant to his Prayers for Relief, Plaintiff seeks "money damages in such amount for actual damages as the evidence may show and as to all Defendants, jointly and severally, judgment for punitive damages and reasonable attorney's fees and expenses of litigation, bar application expenses, travel expenses, together with all costs of Court and such other and further relief as the Court may deem equitable and just."  Plaintiff also seeks, "judgment in regards to an injunction of the NMBBE denial of the plaintiff's bar application to be admitted into the New Mexico Bar Association." (Complaint at 18).

The thrust of Plaintiff's allegations stem from the denial of Plaintiff's bar application following a character and fitness hearing on April 12, 2024, "and the issuance of the Final Findings of Facts and Conclusions of Law on June 25, 2024." (Complaint at 2).

II.    **STANDARD OF REVIEW FOR A RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.**

In ruling on a motion to dismiss under Rule 12(b)(6), the court assumes the truth of all well-pleaded factual allegations in the complaint and draws reasonable inferences therefrom in the light most favorable to the plaintiff. *Diaz v. City and County of Denver,* 567 F.3d 1169, 1178 (10th Cir. 2009).  The court must "assess whether the plaintiff's complaint alone is legally sufficient to

state a claim for which relief may be granted" under Fed.R.Civ.P. 8(a)(2).  *Smith v. United States,*
561 F.3d 1090, 1098 (10th Cir. 2009).

Plaintiff's complaint needs not contain "detailed factual allegations," to survive a motion
to dismiss, but Plaintiff does have an "obligation to provide the 'grounds' of his 'entitlement to
relief'" and are required to plead "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).  The "[f]actual allegations must be enough to
raise a right to relief above the speculative level, on th assumption that all the allegations in the
complaint are true (even if doubtful in fact)."  *Id.* 550 U.S at 555, 127 S.Ct. at 1965 (internal
citations omitted).  Plaintiff must allege sufficient "facts to state a claim to relief that is plausible
on its face."  *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007)(*quoting
Bell Atl. Corp.,* 550 U.S. at 555, 127 S.Ct. 1955)).

## III.    FACTS ALLEGED IN THE COMPLAINT

Plaintiff alleges that the New Mexico Board of Bar Examiners denied Plaintiff's
application to the New Mexico Bar, "a decision that Plaintiff contends was marred by procedural
and substantive injustice."  (Complaint at p. 2, ¶ 1.)  Further, Plaintiff claims that the Board's
decision to deny Plaintiff admission to the New Mexico Bar was discriminatory (Id. at ¶ 13).
Plaintiff alleges that he was denied the opportunity to call remote witnesses due to a late notice of
fees necessary to conduct the hearing (Id. at ¶ 14).  Plaintiff further alleges that the Board
"allegedly made false claims of criminal convictions" (Id. at ¶ 16); that "Christine Long allegedly
withheld exculpatory evidence" (Id. at ¶ 17) and "allegedly made false representations of a crime
to paint the Plaintiff in a negative light" (Id. at ¶ 18).  It is also alleged that the New Mexico Board
of Bar Examiners "allegedly failed to provide Plaintiff with equal protection under the Fourteenth
Amendment.  Specifically, the Board did not appropriately consider a felony offense in Texas that

3

is classified as a misdemeanor in New Mexico, thereby applying inconsistent standards" (Id. at ¶ 20).  It is also alleged that the New Mexico Board of Bar Examiners "allegedly failed to consider the entirety of Plaintiff's submitted evidence and information to meet the legal burden of 'good moral character'" (Id. at ¶ 21).

## IV.   ARGUMENT

### 1.  Plaintiff fails to state a claim against Defendants.

#### (a)  Procedural Due Process Claim

To state a procedural due process claim, the Court asks two questions:  (1) Did the Plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?  *Denver Homeless Out Loud v. Denver, Colorado,* 32 F.4th 1259, 1276 (10th Cir. 2022).  As noted in this Court's Order of September 5, 2024, (Doc. 5), "Plaintiff alleges Defendant Board denied his application to the New Mexico Bar following a character and fitness hearing but does not otherwise allege facts showing that Plaintiff was not afforded an appropriate level of process."  (Id. at 3).

Plaintiff's Amended Complaint added no new factual allegations to support the denial of an appropriate level of process.  Plaintiff admitted he participated in the character and fitness hearing on April 12, 2024.  (Complaint at ¶ 1).  Plaintiff alleges that he was denied the right to call remote witnesses, and that the denial had a material impact on the outcome of the character and fitness hearing.  (Id. at ¶ 25).  Plaintiff's conclusory statements that, "Plaintiff's remote witnesses would have provided crucial testimony" (Id. at ¶ 25), are not sufficient to state a claim for denial of procedural due process.  *Brooks v. Mentor Worldwide LLC,* 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is

devoid of any factual enhancement . . . we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim").

### (b) Equal Protection Claim

In order to state a claim under the Equal Protection Clause, Plaintiff must show that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See, A.N. by and through Ponder v. Syling,* 928 F.3 1191, 1196 (10th Cir. 2019) (internal quotations and citations omitted).

As noted in this Court's Order (Doc. 5, p. 3), Plaintiff has failed to allege facts which establish that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." (Id.) Plaintiff has added only conclusory allegations and has failed to state a claim under the Equal Protection Clause. Plaintiff's addition of conclusory allegations are insufficient to overcome a motion to dismiss for failure to state a claim and Plaintiff's allegations fail to show how he was treated differently from other similarly situated individuals.

### (c) Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973

Plaintiff's complaint fails to state claims pursuant to the Title II of the ADA and the Rehabilitation Act. "To state a claim under Title II [of the ADA], the plaintiff must allege that (1) [s]he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Cohon ex rel. Bass v. New Mexico Dept. of Health,* 646 F.3d 717, 725 (10th Cir. 2011).

To state a claim under Section 504, "a plaintiff must prove (1) that he is a handicapped individual under the Act, (2) that he is otherwise qualified for the benefit sought, (3) that he was

discriminated against solely by reason of his handicap, and (4) that the program or activity in question received federal financial assistance." *Id.*

Plaintiff alleges that he is a qualified individual with a disability which substantially limit one or more major life activities.  (Complaint, at ¶ 70).  Further, Plaintiff alleges that he was excluded from participation in, denied the benefits of, and was otherwise discriminated against at the character and fitness hearing. (Id., at ¶ 71).  Plaintiff fails to assert any factual allegations that he is a qualified individual with a disability or that the denial of Plaintiff's bar application was based on any alleged disability.  Therefore, Plaintiff has failed to establish a claim pursuant to the ADA or Rehabilitation Act.

### (d) Title VII of the Civil Rights Act

For a claim of discrimination, a prima facie case requires evidence that: (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. *See,* 42 U.S.C. § 2000e-2; *see also, Ford v. Jackson National Life Ins. Co.,* 45 F.4th 1202, 1215 (10th Cir. 2022).

Plaintiff has failed to assert allegations that "Defendants were Plaintiff's employer, an employment agency or a labor organization, that Plaintiff belongs to a protected class, or that Plaintiff suffered an adverse employment action under circumstances giving rise to an inference of discrimination."  (Order, Doc. 5, p. 5)  The only allegation asserted by Plaintiff that relates to employment is found at paragraph 90.  Plaintiff again only asserts conclusory allegations that he has "proven and demonstrated that NMBBE proffered reasons are a pretext for discrimination for their actions, including the withholding of exculpatory evidence by Christine Long falsely misrepresentation of a crime, which indicate a discriminatory motive."  (Complaint at ¶ 88).

**(e) Tortious Interference with Contractual Relations under the New Mexico Tort Claims Act**

Plaintiff basically contends that based upon the denial of his bar application for full or conditional admission into the New Mexico Bar had significant professional and personal repercussions. (Complaint at ¶ 91) Pursuant to Plaintiff's allegations set forth in paragraph 90-99, he sets forth no facts upon which there is a waiver of immunity pursuant to the Tort Claims Act. *See*, 1978 NMSA, §§ 41-4-1, et seq.

As noted throughout Plaintiff's Complaint, most of Plaintiff's allegations center upon his disagreement with the manner in which his bar application was denied. The fact that he may have had potential employment by the New Mexico Public Defenders Office is neither material and/or relevant as to whether there is a waiver of immunity for the actions of the New Mexico Board of Bar Examiners and/or Christine Long for him not obtaining employment.

Finally, Plaintiff sets forth no facts as to why he is entitled to any type of injunctive relief, as there is no count and/or allegations seeking any injunctive relief. The word injunction only appeals in Plaintiff's "Prayers for Relief And Damages," when he states, "Plaintiff demands trial by jury on all counts and judgment in regards to an injunction of the NMBBE denial of the plaintiff's bar application to be admitted into New Mexico Bar Association …". (Complaint at 18). There are no grounds for injunctive relief regardless of the fact that Plaintiff did not set forth facts for the Court to even consider such a request.

**Conclusion**

Plaintiff did not like the manner in which and/or the result of the NMBBE's denial of his bar application for reasons cited in the NMBBE's Findings of Fact and Conclusions of Law. He was provided with a hearing in which he participated. Plaintiff has failed to state a claim upon which relief may be granted.

Wherefore, Defendants respectfully request that Plaintiff's claims be dismissed with

prejudice; for an award of costs and fees, and for such relief as the Court deems just and proper

and as allowed by law.

Respectfully submitted,

WALZ AND ASSOCIATES, P.C.

/s/ Jerry A. Walz
JERRY A. WALZ, ESQ.
ALISHA L. WALZ, ESQ.
*Attorneys for Defendants New Mexico Board*
*of Bar Examiners and Christine Long, Esq.*
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com
awalz@walzandassociates.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2025, I filed the above through the Court's CM/ECF which caused all parties to be served electronically as more fully reflected on the Notice of Electronic Filing.

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.

8