FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 05 2025

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| DAMON LAMOUNTE MOORE II, <br><br> **Plaintiff**, <br><br> vs. <br><br> NEW MEXICO BOARD OF BAR EXAMINERS and CHRISTINE LONG, ESQ. <br><br> **Defendant**. | Case No: **1:24-CV-00878-KRS** <br><br> U.S. District Judge: S.D. |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

### I. INTRODUCTION

Plaintiff's Motion for Preliminary Injunction seeks temporary relief to prevent the unlawful enforcement of the New Mexico Board of Bar Examiners' (hereinafter, NMBBE) discriminatory denial of bar admission in violation of Plaintiff's federal rights under the Due Process Clause, Equal Protection Clause, Title VII of the Civil Rights Act, and the Rehabilitation Act. Defendants now seek to defeat this relief by arguing that this Court lacks jurisdiction.

Federal courts have long recognized jurisdiction over constitutional and federal statutory challenges to state bar admission processes, particularly where, as here, there is no final state court judgment and no adequate state forum to address federal claims. This Court should reject any and all attempts to evade federal review and proceed to adjudicate Plaintiff's motion on the merits.

## II. Legal Standard

Federal courts have jurisdiction to hear constitutional and statutory challenges to state bar admissions. See *Woodard v. Virginia Bd. of Bar Examiners*, 598 F.2d 1345, 1347 (4th Cir. 1979); *Doe v. Supreme Court of Cal.*, 484 F.2d 705, 707 (9th Cir. 1973). Courts have authority to grant preliminary injunctions to prevent ongoing violations of federal rights. See *Hirsch v. Justices of the Sup. Ct. of Cal.*, 67 F.3d 708, 712–13 (9th Cir. 1995).

A court may grant a preliminary injunction where the movant establishes:

1. A likelihood of success on the merits;
2. A likelihood of irreparable harm absent preliminary relief;
3. That the balance of equities favors the movant; and
4. That an injunction would serve the public interest.

See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Prairie Band of Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007).

## III. ARGUMENT

### 1. THIS COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIMS

---

**A. Federal Jurisdiction Applies to Bar Admission Challenges**

Federal courts have original jurisdiction under 28 U.S.C. §§ 1331 and 1343 over claims alleging violations of the U.S. Constitution and federal statutes in state bar admission processes. See *Woodard v. Virginia Bd. of Bar Examiners*, 598 F.2d 1345, 1347 (4th Cir. 1979); *Doe v. Supreme Court of Cal.*, 484 F.2d 705, 707 (9th Cir. 1973).

Here, Plaintiff asserts claims under the Due Process Clause, Equal Protection Clause, Title VII of the Civil Rights Act of 1964, and the Rehabilitation Act of 1973. Plaintiff, an African-American veteran and law school graduate, applied for admission to the New Mexico Bar via UBE score transfer (Application No. 19337). Plaintiff secured a conditional offer of employment as a Public Defender 2 with the New Mexico Law Office of the Public Defender, contingent upon bar admission. On June 18, 2024, following an April 12, 2024, hearing, NMBBE denied Plaintiff's application after a hearing that was tainted by bias, procedural irregularities, and discriminatory treatment. Therefore, these claims arise directly under federal law and fall squarely within this Court's jurisdiction.

**B. Rooker-Feldman Does Not Bar Jurisdiction**

Under *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), federal courts may not review final state court judgments.

Here, no such final judgment exists. NMBBE's denial was an administrative action. The New Mexico Supreme Court has not entered a final ruling. See *Stivers v. Pierce*, 71 F.3d 732, 740–41 (9th Cir. 1995); *Hirsch v. Justices of the Sup. Ct. of Cal.*, 67 F.3d 708, 712–13 (9th Cir. 1995). Thus, Plaintiff is challenging ongoing violations of his federal rights—not seeking review of a final state court judgment.

## C. Younger Abstention Does Not Apply

There is no ongoing judicial proceeding here. Moreover, NMBBE's process provides no forum for Title VII or Rehabilitation Act claims. See *Hirsch*, 67 F.3d at 713. The case *Younger v. Harris*, 401 U.S. 37 (1971), applies only where there is an ongoing, coercive state judicial proceeding and an adequate forum to raise federal claims.

Plaintiff's claims include allegations of discriminatory treatment by NMBBE Special Counsel Christine Long, who compared Plaintiff unfavorably to a similarly situated white applicant (Robert Dale Treinen), made statements that Plaintiff was a "danger to the public," and expressed an intent to seek suspension if Plaintiff were licensed. NMBBE also refused reasonable accommodation requests (denying Plaintiff's request for remote witness testimony despite technical capability to provide it) and mischaracterized Plaintiff's lawful use of medical marijuana under Oklahoma law as a probation violation—without basis.

## D. Federal Courts Routinely Grant Preliminary Injunctions in Bar Admission Cases

Federal courts have granted preliminary injunctions in bar admission cases where federal rights are at stake. See: *Woodard*, 598 F.2d at 1349; *Doe*, 484 F.2d at 707–08; and *Richardson v. Texas Bd. of Law Examiners*, No. A-97-CA-030 SS, 1998 WL 34024164, at *3 (W.D. Tex. Mar.

6, 1998). Here, Plaintiff faces imminent and irreparable harm to his career, employment, and constitutional rights, warranting injunctive relief.

---

## 2. PLAINTIFF SATISFIES THE REQUIREMENTS FOR PRELIMINARY INJUNCTIVE RELIEF

### A. Likelihood of Success on the Merits and Irreparable Harm

Plaintiff's factual record is robust and supported by documentary evidence, transcript excerpts, and witness declarations. Plaintiff's Complaint sets forth plausible claims under; the Due Process Clause in which NMBBE imposed heightened character and fitness standards that actually applies to the type of evidence presented of "clear and convincing" burden that supports Plaintiff's good moral character to practice the law. In addition to NMBBE's heightened burden that is not supported by law, refused to allow remote witnesses, and adopted 100% of the findings proposed by Special Counsel Christine Long, while rejecting all of Plaintiff's proposed findings supports preliminary injunctive relief.

Under the Equal Protection Clause / Title VII, Plaintiff was treated less favorably than a similarly situated white applicant with a more serious criminal record. Special Counsel Long's statements reflect animus and racial bias. Under the Rehabilitation Act: NMBBE failed to provide reasonable consideration and/or accommodation for Plaintiff's PTSD, ADHD, Alcohol Use Disorder, and insomnia, and mischaracterized Plaintiff's mental health disclosures as evidence of unfitness.

Federal courts recognize that exclusion from professional licensure constitutes irreparable harm. See *Doe*, 484 F.2d at 707. Without injunctive relief, Plaintiff will continue to suffer: (1) loss

from Public Defender employment; (2) Denial of access to the legal profession; (3) Professional and reputational harm; (4) Emotional distress from ongoing exclusion.

**B. Balance of Equities Favors Plaintiff and the Public Interest supports Relief**

An injunction will maintain the status quo and prevent ongoing harm to Plaintiff's rights, while imposing no prejudice on NMBBE, which can continue to monitor this case as it proceeds. The public interest strongly favors fair, non-discriminatory access to professional licensing, particularly in public interest fields such as indigent defense. Preventing constitutional violations serves the public interest. See *G&V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994).

## IV. Conclusion

Plaintiff respectfully asks the Court to consider this Memorandum of Law and accompanying Motion, and to grant Preliminary Injunctive Relief as set forth herein, to preserve Plaintiff's constitutional rights and ability to pursue lawful employment

Respectfully submitted,

Damon L. Moore II

Pro Se Plaintiff

4404 SE 43rd St.

Del City, OK, 73115

Tel: 469.810.5610

Djmoore0524@gmail.com

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd of June, 2024, a true and correct copy of the foregoing Motion for Preliminary Injunction and Memorandum in Support was served via electronically and by postal mail upon:

*[signature]*

**DAMON MOORE II, PRO SE PLAINTIFF**

# PRIORITY MAIL EXPRESS®

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 05 2025
MITCHELL R. ELFERS
CLERK

**FROM:** (PLEASE PRINT)  PHONE ( 469 ) 610-5610
Damon L Moore II
4404 SE 43rd St.
Del City, OK 73115

**TO:** (PLEASE PRINT)  PHONE ( )
U.S. Dist. Ct.
Pete v Domenici U.S. Courthouse
333 Lomas Blvd NW
Albuquerque, NM
87102

PO ZIP Code: 73102
Date Accepted: 05/05/25
Time Accepted: 5:00 PM
Scheduled Delivery Date: 05/05/25

Postage: $31.40
Total Postage & Fees: $31.40

Label: ER 198 322 124 US

PS10001000006
EP13F October 2023
OD: 12 1/2 x 9 1/2