IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAMON LAMOUNTE MOORE II,

     Plaintiff,

v.                                   No. 1:24-cv-00878-SMD-KRS

NEW MEXICO BOARD OF BAR EXAMINERS and
CHRISTINE LONG,

     Defendants.

## **<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, Doc. 13, filed April 28, 2025 ("Motion"), and *pro se* Plaintiff's Motion for Preliminary Injunction, Doc. 17, filed May 15, 2025.

Plaintiff filed his original Complaint on September 3, 2024. *See* Doc. 1. United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that the Complaint failed to state claims and ordered Plaintiff to file an amended Complaint. *See* Doc. 5, filed September 5, 2024. Plaintiff filed an Amended Complaint, Doc. 6, on September 23, 2024, and a Second Amended Complaint, Doc. 8, on September 26, 2024. Plaintiff did not sign the Second Amended Complaint. Judge Sweazea ordered Plaintiff to sign the Second Amended Complaint. *See* Doc. 9, filed October 4, 2024. Plaintiff filed a Third Amended Complaint, which is now the operative Complaint in this case, on October 10, 2024. *See* Doc. 10 ("Third Amended Complaint").

Plaintiff states "[t]his case arises from [Defendant New Mexico Board of Bar Examiners' ("Board")] *denial*[1] of Plaintiff's application to the New Mexico Bar." Third Amended Complaint

---

[1] The New Mexico Supreme Court, not the Board, grants or denies applications to the New Mexico Bar. *See* N.M.R.A § 15-201(A). The Board makes a *recommendation* to the New Mexico

at 2 (emphasis added).  Plaintiff asserts claims arising from alleged violations of due process, equal

protection, Title VII of the Civil Rights Act, Title II of the Americans with Disabilities Act, and for

tortious interference with contractual relations under the New Mexico Tort Claims Act.

Defendants Board and Christine Long now request that the Court dismiss all of Plaintiff's

claims with prejudice for failure to state a claim.  *See* Motion at 2, 8.  Defendant Long "is employed

by the Office of the Disciplinary Board and was the Special Counsel to [the Board] during the

hearing."  Third Amended Complaint at 8, ¶ 36.

**Legal Standard**

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a
> plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In
> applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in
> the light most favorable to Plaintiffs, and draw all reasonable inferences from the
> facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which
> we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the
> claim across the line from conceivable or speculative to plausible. *Id.* Allegations
> that are "'merely consistent with' a defendant's liability" stop short of that line.
> *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
> (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167
> L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and
> naked assertions will not suffice. *Id.* An allegation is conclusory where it states an
> inference without stating underlying facts or is devoid of any factual enhancement.
> *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing
> Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled
> to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th
> Cir. 2012). In fact, we disregard conclusory statements and look to the remaining
> factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v.
> City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on
> our experience and common sense in evaluating the plausibility of a claim. *Iqbal*,
> 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish
> plausibility and provide fair notice depends on the context and the type of case. *Id.*;
> *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

---

Supreme Court regarding an applicant's admission to the New Mexico Bar.  *See* N.M.R.A § 15-201(B).

> Importantly, in assessing whether a plaintiff has stated a claim for relief, a court must restrict its review to only the "allegations within the four corners of the complaint," and cannot consider other pleadings or external allegations. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). Exceptions to this rule are limited to: (1) documents attached to the complaint as exhibits, (2) documents referenced in the complaint that are central to the plaintiff's claims, provided their authenticity is undisputed, and (3) matters subject to judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).
>
> As we have emphasized, "[g]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)) (second alteration in original). We impose a "low bar for surviving a motion to dismiss," *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020), and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely," *Id.* (quoting *Dias*, 567 F.3d at 1178).

*Brown v. City of Tulsa*, 124 F.4th 1251, 1263-64 (10th Cir. 2025); *United States v. Ivory*, 861 Fed.Appx. 233, 238 n.4 (10th Cir. 2021) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)).

## I.    Due Process under the Fourteenth Amendment of the United States Constitution

Plaintiff asserts the Board's "actions violated his constitutional rights under the Fourteenth Amendment, including procedural and substantive due process." Third Amended Complaint at 3, ¶ 4. Plaintiff alleges his "application was denied following a character and fitness hearing on April 12, 2024." Amended Complaint at 2. Plaintiff also alleges that he "was to receive at least 30 days notice of the hearing and its method," "New Mexico requires that the court reporter deposit be made three weeks prior to the hearing," "Plaintiff received an email on March 20, 2024, from [the Board's] Executive Director that she failed to include the notice of fees of $1500 to conduct [the]

3

hearing," Plaintiff did not receive timely notice of the fee requirement, and Plaintiff was denied the right to call remote witnesses.  Third Amended Complaint at 5, ¶ 14; at 6, ¶¶ 23-24; at 9, ¶¶ 39-40.

Defendants move to dismiss Plaintiff's due process claims stating:

> Plaintiff's Amended Complaint added no new factual allegations to support the denial of an appropriate level of process. Plaintiff admitted he participated in the character and fitness hearing on April 12, 2024. (Complaint at ¶ 1). Plaintiff alleges that he was denied the right to call remote witnesses, and that the denial had a material impact on the outcome of the character and fitness hearing. (Id. at ¶ 25). Plaintiff's conclusory statements that, "Plaintiff's remote witnesses would have provided crucial testimony" (Id. at ¶ 25), are not sufficient to state a claim for denial of procedural due process. *Brooks v. Mentor Worldwide LLC,* 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement . . . we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim").

Motion at 4-5.

Plaintiff filed his Third Amended Complaint pursuant to Judge Sweazea's Order which notified Plaintiff:

> The Complaint fails to state a due process claim. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"). Plaintiff alleges Defendant Board denied his application to the New Mexico Bar following a character and fitness hearing but does not otherwise allege facts showing that Plaintiff was not afforded an appropriate level of process.

Order at 3.

> "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park*, 226 F.3d at 1210.
> ....

> "The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing." *Moore v. Bd. of Cty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007) (internal quotation marks omitted).

*Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016). "Although the exact procedures required by the Constitution depend on the circumstances of a given case, '[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'" *FJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1199-1200 (10th Cir. 2010) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

The Court dismisses Plaintiff's due process claims with prejudice. Plaintiff has not plausibly alleged that he was not afforded an appropriate level of process. An applicant may appeal from a final order, decision, or action of the Board by filing a petition with the New Mexico Supreme Court within thirty days of the date of the item being appealed. *See* N.M.R.A § 15-404(B)(1). The Third Amended Complaint does not allege that Plaintiff appealed from the Board's recommendation to the New Mexico Supreme Court or that Plaintiff was denied an opportunity to appeal. Furthermore, the Third Amended Complaint does not allege facts showing that Defendants deprived Plaintiff of a protected property right because it does not plausibly allege that Defendants Long and the Board, which is an arm of the New Mexico Supreme Court, denied Plaintiff admission to the New Mexico Bar. Admission to the New Mexico Bar is determined by the New Mexico Supreme Court; the Board only makes a recommendation to the New Mexico Supreme Court regarding an applicant's admission to the New Mexico Bar. *See* N.M.R.A § 15-201(A) ("Unless otherwise ordered by the New Mexico Supreme Court, no person may practice law in New Mexico or be an active member of the State Bar of New Mexico until that person has qualified and met the requirements of these rules to the satisfaction of the Supreme Court"); N.M.R.A § 15-201(B) ("The board shall administer the process for admission, including determining whether an

applicant has the necessary qualifications and meets the requirements prescribed by these rules, recommending an applicant's admission to the Supreme Court, and other steps for finalizing an applicant's licensure as may be delegated by the Supreme Court").

## II.    Equal Protection Clause under the Fourteenth Amendment of the United States Constitution

Plaintiff asserts equal protection claims and alleges:

20.    [The Board] allegedly failed to provide Plaintiff with equal protection under the Fourteenth Amendment . . . [because] the Board did not appropriately consider a felony offense in Texas that is classified as a misdemeanor in New Mexico thereby applying inconsistent standards.

. . . .

42.    [The Board's] denial of the plaintiff's application is not rationally related to a legitimate state interest if an attorney if an in-state attorney [sic] on felony probation for battery of a household member, intimidation of a witness, and false imprisonment is still allowed to practice due to providing needed legal services to the community; when the same would apply to plaintiff to help with a caseload for 800 or more lawyers when only around 350 are currently employed.

. . . .

47.    Plaintiff was treated differently from other similarly situated individuals without disabilities, particularly regarding a felony offense in Texas that is considered a misdemeanor in New Mexico.

48.    [The Board's] treatment of the plaintiff's Texas felony as a more severe offense than a New Mexico misdemeanor lacks a rational connection to the plaintiff's fitness to practice law.

49.    The classification of the offense as a felony in Texas does not inherently make the plaintiff less fit to practice law than if the offense were classified as a misdemeanor in New Mexico.

50.    [The Board] has not demonstrated a legitimate state interest that justifies treating the plaintiff's Texas felony more harshly than a similar offense classified as a misdemeanor in New Mexio.  This differential treatment appears arbitrary and discriminatory, lacking a compelling state interest.

51.    The [Board] has a duty to apply its character and fitness standards consistently across all applicants.

6

52.    The classification of the offense as a felony in Texas, as opposed to a misdemeanor in New Mexico, does not have a rational connection to the plaintiff's fitness to practice.

Third Amended Complaint at 5, 10-11.

A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.

*A.N. by and through Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019); *see also Burke v. New Mexico*, 696 Fed.Appx. 325, 330 (10th Cir. 2017) ("To state a plausible § 1983 equal-protection claim, a plaintiff must allege facts indicating how each defendant was personally responsible for treating her 'differently from others similarly situated.'") (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Defendants move to dismiss Plaintiff's equal protection claims because "Plaintiff has failed to allege facts which establish that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Motion at 5 (quoting *A.N. by and through Ponder v. Syling*).

Plaintiff states *in his Response* that he is "an African American applicant" and "was denied bar admission despite meeting all objective qualifications and presenting evidence of rehabilitation, fitness, and character. In contrast, the New Mexico Supreme Court permitted a white applicant with significantly more serious misconduct to retain or gain licensure." Response at 8-9 (discussing the case *In re Treinen* and stating Plaintiff "was subjected . . . to harsher scrutiny and adverse treatment than white applicants with more severe misconduct). Plaintiff also states *in his Response* that in February 2024, Defendant Long "praised Mr. Treinen, a white male applicant with multiple criminal charges, as 'an outstanding citizen and lawyer.'" Response at 10.

Defendants contend that Plaintiff "has not pointed to any factual allegations [in the Third Amended Complaint] that establish he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment'" and that Plaintiff's statements in his response do not fall within the exceptions which allow a district court to "rely on matters outside of the complaint" and, therefore, "should be disregarded by this Court for purposes of Defendants' Motion."  Reply at 3.

The Court dismisses Plaintiff's equal protection claims with prejudice.  There are no allegations in the Third Amended Complaint that Defendants treated Plaintiff differently than white applicants.  Plaintiff also makes the conclusory allegation that he "was treated differently from other similarly situated individuals without disabilities" but does not allege any facts supporting the allegation.  Third Amended Complaint at 10, ¶ 47 (quoted above); *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. Conclusory allegations are "not entitled to the assumption of truth." In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim") (citations omitted).  Plaintiff, who alleges the Board denied his application based on "false claims of criminal convictions against Plaintiff, including acts of dishonesty, fraud, deceit, and misrepresentation" implies that an "attorney on felony probation for battery of a household member, intimidation of a witness, and false imprisonment is still allowed to practice due to providing needed legal services to the community."  Third Amended Complaint at 2, ¶ 2; at 9, ¶ 42 (quoted in full above).  The Third Amended Complaint alleges that the Board "treat[ed] plaintiff's Texas felony as a more severe offense than a New Mexico misdemeanor," but does not describe Plaintiff's criminal convictions, his acts of dishonesty, fraud, deceit, and misrepresentation, or any

other facts showing that Plaintiff, a Bar applicant, is similarly situated to other *applicants* who were granted admission. Third Amended Complaint at 10, ¶ 48.  The Court disregards Plaintiff's argument in his Response regarding the Board's treatment of and Defendant Long's comments regarding Mr. Treinen who Plaintiff contends was an attorney "who entered a plea to one misdemeanor count for battery against a household member and two felony counts for intimidation of a witness and false imprisonment [and] was placed on disciplinary probation."  Response at 8-9; *see Brown v. City of Tulsa*, 124 F.4th 1251, 1263-64 (10th Cir. 2025) ("in assessing whether a plaintiff has stated a claim for relief, a court must restrict its review to only the allegations within the four corners of the complaint, and cannot consider other pleadings or external allegations. Exceptions to this rule are limited") (quotation marks and citations omitted).

**III.    Americans with Disabilities Act as incorporated by Title VII of the Civil Rights Act,**
**IV.    Title II of the American[s] with Disabilities Act, 42 U.S.C. § 12132 and**
**V.    Section 504 of the Rehabilitation Act of 1973**

Plaintiff asserts claims pursuant to Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973.

> Title II of the ADA provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. . . To state a claim under Title II of the ADA, a plaintiff must allege: (1) he is "a qualified individual with a disability"; (2) he "was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (3) "such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (quotation marks omitted). Failure to satisfy any of these prongs defeats an ADA claim.[13] *See id.* (stating, in the context of a motion for summary judgment, "a viable claim ... require[s] proof of the foregoing three elements"); *see also Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d 717, 725 (10th Cir. 2011) (affirming district court's order granting defendants' motion to dismiss an ADA claim notwithstanding that parties did not dispute the first prong was satisfied).

9

We typically evaluate claims identically under the ADA and Rehabilitation Act. *See Nielsen v. Moroni Feed Co.*, 162 F.3d 604, 608 n.7 (10th Cir. 1998). Yet, a point of possible divergence is the different causation standards employed by the two statutes. The Rehabilitation Act prohibits discriminating against qualified individuals "solely by reason of [their] disability." 29 U.S.C. § 794(a). The ADA, on the other hand, prohibits discriminating against qualified individuals "by reason of such disability." 42 U.S.C. § 12132. The overwhelming majority of our sibling circuits have declined to import the Rehabilitation Act's "solely by reason of" causation standard into ADA claims. *See, e.g.*, *Katz v. City Metal Co.*, 87 F.3d 26, 33 (1st Cir. 1996); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 336–37 (2d Cir. 2000); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 469–70 (4th Cir. 1999); *Pinkerton v. Spellings*, 529 F.3d 513, 519 (5th Cir. 2008); *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 315 (6th Cir. 2012); *Pedigo v. P.A.M. Transp., Inc.*, 60 F.3d 1300, 1301 (8th Cir. 1995); *McNely v. Ocala Star-Banner Corp.*, 99 F.3d 1068, 1074 (11th Cir. 1996).

Our caselaw, however, is less certain. At times, we have suggested that the "solely by reason of" standard applies to ADA claims. *See Fitzgerald v. Corr. Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005). More frequently, we have at least presumed that plaintiffs need only prove their disability was a but-for cause of the alleged discrimination—that is, they need only prove that the alleged discrimination was "by reason of" their disability. *See, e.g.*, *Taylor v. Colo. Dep't of Health Care Pol'y & Fin.*, 811 F.3d 1230, 1233 & n.3 (10th Cir. 2016); *J.H. ex rel. J.P. v. Bernalillo Cnty.*, 806 F.3d 1255, 1260 (10th Cir. 2015); *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007)). We resolve this tension today by joining our sibling circuits in holding the ADA merely requires the plaintiff's disability be a but-for cause (i.e., "by reason of") of the discrimination, rather than—as the Rehabilitation Act requires—its sole cause (i.e., "solely by reason of").

*Crane v. Utah Dept. of Corrections*, 15 F.4th 1296, 1312-13 (10th Cir. 2021). Footnote 13 states:

Ms. Crane satisfies the prong unique to the Rehabilitation Act by plausibly alleging UDC receives federal funds. *See* App. at 53; *see also Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d 717, 725 (10th Cir. 2011) (describing the elements of a claim under the Rehabilitation Act, including the requirement that "the program or activity in question receives federal financial assistance" (quotation marks omitted)).

*Crane*, 15 F.4th at 1312, n.13.

Plaintiff alleges: (i) he "is qualified to perform the essential functions of a lawyer, as evidenced by his job offer from the Law Offices of the New Mexico Public Defenders," Third Amended Complaint ¶¶ 60, 78; (ii) he "provided documented disabilities, including alcoholism,

10

alcohol dependency, ADHD, impulsiveness, insomnia, and PTSD, all of which are recognized as disabilities under the ADA to [the Board] and Christine Long," Third Amended Complaint ¶¶ 59, 70, 77; and (iii) Plaintiff "suffered an adverse action when his application to the New Mexico Bar was denied, and this denial was in part, directly linked to his disabilities listed in [the Board's] final Findings and Conclusions," Third Amended Complaint at 12, ¶ 61. Plaintiff does not plausibly allege that Defendants receive federal funding. *See* Third Amended Complaint at 15, ¶ 80 ("It is unsure that [the Board] receives federal financial assistance due to delay communication of waiting a response by email since no phone communication is currently active on behalf of [the Board], making it subject to the requirements of Section 504 of the Rehabilitation Act" [sic]).

Defendants contend that "Plaintiff fails to assert any factual allegations that he is a qualified individual with a disability or that the denial of Plaintiff's bar application was based on any alleged disability. Therefore, Plaintiff has failed to establish a claim pursuant to the ADA or Rehabilitation Act." Motion at 6.

The Court disagrees with Defendants' contention that Plaintiff failed to assert any factual allegations that he is a qualified individual with a disability. Plaintiff alleged that: (i) he is a qualified individual based on "his job offer from the Law Offices of the New Mexico Public Defenders," Third Amended Complaint at 12, ¶ 60; and (ii) "Plaintiff provided documented disabilities, including alcoholism, alcohol dependency, ADHD, impulsiveness, insomnia, and PTSD, all of which are recognized as disabilities under the ADA to [the Board] and Christine Long," Third Amended Complaint at 12, ¶ 59. *See Brown v. City of Tulsa*, 124 F.4th 1251, 1263-64 (10th Cir. 2025) ("We impose a low bar for surviving a motion to dismiss, and a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

11

improbable, and that a recovery is very remote and unlikely") (quotation marks and citations omitted).

Plaintiff has not, however, plausibly alleged that Defendants' alleged denial of benefits was by reason of Plaintiff's disability. Plaintiff's allegation that the Board's denial of his application "was in part, directly linked to his disabilities" is not sufficient to state a claim pursuant to the ADA or Section 504 of the Rehabilitation Act. Plaintiff has not alleged that his disabilities were the but-for cause or the sole cause of the denial of his application. *See But-for cause*, Black's Law Dictionary (12th ed. 2024) ("The cause without which the event could not have occurred"). Plaintiff indicated that the denial was based in part on the allegedly "false claims of criminal convictions and acts of dishonesty, fraud, deceit, and misrepresentation." Third Amended Complaint at 6, ¶ 25; at 9, ¶ 43. The Third Amended Complaint does not contain allegations showing that criminal convictions and acts of dishonesty, fraud, deceit, and misrepresentation are not a sufficient basis for not recommending an applicant for admission to the New Mexico Bar. Similarly, Plaintiff alleges that the Board denying Plaintiff the right to call witnesses based on the late notice of fees to conduct a hearing constitutes a failure to provide reasonable accommodations for Plaintiff's disability but does not allege facts showing that the Board would have allowed Plaintiff to call witnesses in the absence of his disability. *See* Third Amended Complaint at 14, ¶¶ 74, 76.

The Court dismisses Plaintiff's claims pursuant to Title II of the ADA and Section 504 of the Rehabilitation Act with prejudice.

## VI.    Title VII of the Civil Rights Act

Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act stating: (i) he is a member of a protected class due to his disabilities; (ii) Plaintiff was "qualified for the position, as

evidenced by his job offer from the Law Offices of the New Mexico Public Defenders;" and (iii) Defendants made false claims about his criminal history and withheld exculpatory evidence. Third Amended Complaint at 15-16.

Title VII makes it unlawful for employers, employment agencies and labor organizations to discriminate against any individual with respect to his employment "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.

> [A] Title VII plaintiff bringing a claim of employment discrimination must plausibly allege these elements: (1) she is a member of a protected class, (2) she suffered an adverse employment action, and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination.

*McNellis v. Douglas County School District*, 116 F.4th 1122, 1139 (10th Cir. 2024) (quotation marks omitted).

> Defendants state:

> Plaintiff has failed to assert allegations that "Defendants were Plaintiff's employer, an employment agency or a labor organization, that Plaintiff belongs to a protected class, or that Plaintiff suffered an adverse employment action under circumstances giving rise to an inference of discrimination."

Motion at 6 (quoting Judge Sweazea's Order to File Amended Complaint at 4-5, Doc. 5).

Plaintiff states he alleged Defendants' conduct "constitutes unlawful race-based discrimination that adversely affected his employment opportunities and created an unjustified barrier to professional licensure" and his "Title VII claim raises plausible allegations of race-based discrimination sufficient to survive a motion to dismiss." Response at 12, 15. Plaintiff, *in his Response*, compares the treatment by "disciplinary authorities" of a Caucasian attorney to the treatment Plaintiff received. Response at 12. Plaintiff also, *in his Response*, argues that "Title VII liability is not confined to formal employer-employee relationships." Response at 15 (discussing the "joint-employer test" which applies when entities "share or co-determine those matters

governing the essential terms and conditions of employment" and the "integrated enterprise test" which applies "where two ostensibly separate entities operate as one").

The Court dismisses Plaintiff's Title VII claims with prejudice. Plaintiff has not identified, and the Court has not found, any allegations in the Third Amended Complaint that plausibly allege Defendants' conduct was motivated by Plaintiff's race. Nor does the Third Amended Complaint contain allegations regarding Defendants' joint-employer or integrated enterprise relationships with the Law Office of the New Mexico Public Defender.

## VII. Tortious Interference with Contractual Relations under the New Mexico Tort Claims Act

Plaintiff asserts tortious interference with contractual relations claims against Defendants pursuant to the New Mexico Tort Claims Act stating:

> 90. Plaintiff had a job offer from the Law Offices of the New Mexico Public Defenders (LOPD), which was contingent upon his admission to the New Mexico Bar.
>
> 91. Denial of plaintiff's bar application for full or conditional admission into New Mexico's Bar Association had significant professional and personal repercussions.
>
> ....
>
> 96. [Defendant Board] and Christine Long['s] conduct were intentional and improper when considering plaintiff's bar application for admission into New Mexico Bar Association, as a result cause a breach.

Third Amended Complaint at 16-17.

Defendants Board and Long move for dismissal of Plaintiff's tortious interference with contractual relations claim because the Complaint "sets forth no facts upon which there is a waiver of immunity pursuant to the Tort Claims Act." Motion at 7. The New Mexico Tort Claims Act states: "A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the New Mexico Religious

Freedom Restoration Act and by Sections 41-4-5 through 41-4-12." N.M.S.A. § 41-4-4; see

N.M.S.A. § 41-4-5 (operation or maintenance of motor vehicles, aircraft and watercraft);

N.M.S.A. § 41-4-6 (buildings, public parks, machinery, equipment and furnishings);

N.M.S.A. § 41-4-7 (airports); N.M.S.A. § 41-4-8 (public utilities); N.M.S.A. § 41-4-9 (medical

facilities); N.M.S.A. § 41-4-10 (health care providers); N.M.S.A. § 41-4-11 (highways and

streets); N.M.S.A. § 41-4-12 (law enforcement officers).

In his Response, Plaintiff sets forth the elements of tortious interference with contract or

prospective contractual relations under New Mexico law but has not identified any allegations in

the Complaint showing that his claim for tortious interference with contractual relations falls

within any of the exceptions to the New Mexico Tort Claims Act's grant of immunity to

government entities and public employees for torts. *See* Response at 16-18.

The Court dismisses Plaintiff's claims against Defendants for tortious interference of

contractual relations with prejudice.

**Motion for Preliminary Injunction**

Plaintiff moves "for a preliminary injunction ordering Defendant [Board] to grant Plaintiff

temporary admission to practice law within the jurisdiction of New Mexico pending final

resolution of this case." Motion at 1; Memorandum of Law in Support of Motion for Preliminary

Injunction, Doc. 25, filed June 5, 2025.

> Because a preliminary injunction is an "extraordinary remedy never awarded as of
> right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172
> L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it
> is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186,
> 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite
> Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction,
> the movant must show (1) it "is substantially likely to succeed on the merits," (2) it
> "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury
> outweighs the injury the opposing party will suffer under the injunction," and (4)

15

"the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).

*Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021); *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) ("each of these elements is a prerequisite for obtaining a preliminary injunction").

Defendants assert that Plaintiff is not entitled to a preliminary injunction because:

(i) The New Mexico Rules Governing Admission to the Bar clearly identify the mandatory procedure when challenging a final order from the Board. That procedure states "An appeal from a final order, decision, or action of the board may be initiated by filing a petition with the Clerk of the Supreme Court within thirty (30) days of the item being appealed."

(ii) Plaintiff failed to exhaust his administrative remedies by seeking review from the New Mexico Supreme Court.

(iii) This Court lacks subject-matter jurisdiction to issue the preliminary injunction pursuant to *Rooker-Feldman*[2] stating "A United States District Court has no authority to review final judgments of a state court in judicial proceedings."

---

[2] The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

16

(quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

(iv)    Plaintiff cannot satisfy his burden for each of the prerequisites for a preliminary injunction: (a) a likelihood of success on the merits; (b) a likelihood of irreparable harm absent preliminary relief; (c) the balance of equities favors the movant; and (d) that an injunction would serve the public interest.  (explaining why Plaintiff cannot satisfy his burden for each prerequisite).

Response at 5-9.

Plaintiff did not file a reply to Defendants' Response to the Motion for a preliminary injunction.  *See* Plaintiff's Notice of Completion of Briefing as to All Plaintiff's and Defendants' Pleadings, Doc. 30, filed June 24, 2025

The Court denies Plaintiff's Motion for a preliminary injunction because the Court is dismissing this case.  *See Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021) ("To obtain a preliminary injunction, the movant must show (1) it is substantially likely to succeed on the merits . . .").

**IT IS ORDERED** that:

(i)     Defendants' Motion to Dismiss for Failure to State a Claim, Doc. 13, filed April 28, 2025, is **GRANTED.**  This case is **DISMISSED with prejudice.**

(ii)    Plaintiff's Motion for Preliminary Injunction, Doc. 17, filed May 15, 2025, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**

17